UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Raymond L. Semler, | File No. 17-cv-2822 (ECT/LIB) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Nancy Johnston, Executive Director of MSOP; <br> Charlie Hoffman, Vocational Work Program Director; <br> Peter Puffer, Clinical Director, MSOP-Moose Lake; <br> Randy Gordon-Behavior Expectation Hearing Panel; <br> Julie Sajdak, Vocational Programming Supervisor; <br> Paul Christensen, Vocational Programming Supervisor; <br> Kevin Moser, MSOP-Moose Lake Facility Director, <br> Sued in their individual and official capacities, | |
| Defendants. | |

---

Plaintiff Raymond L. Semler is civilly committed to the Minnesota Sex Offender Program ("MSOP"). *See* Am. Compl. ¶ 1 [ECF No. 20]. In his Amended Complaint, filed pro se, he challenges certain vocational-programming policies and decisions implemented by the MSOP. *See generally* Am. Compl. [ECF No. 20]; *see also* Report and Recommendation ("R&R") at 1–3 [ECF No. 37]. Defendants moved to dismiss. ECF No. 25. In a Report and Recommendation dated August 1, 2019 and issued the following day, Magistrate Judge Leo I. Brisbois recommends granting Defendants' motion to

dismiss. R&R at 14. Semler filed objections to the Report and Recommendation [ECF No. 38], as well as a "Motion to Except Plaintiff's Late Reply to R&R" [ECF No. 39] and a motion to recuse Magistrate Judge Brisbois [ECF No. 41]. These motions will be addressed in turn.

First, as to Semler's motion to consider his late-filed objections, Semler needs no particular permission for his objection to be considered. Ordinarily, any objection to a report and recommendation must be filed "within 14 days after being served with a copy." LR 72.2(a)(1). Here, Semler was served on August 2, which normally would make his objection deadline August 16. But Semler was served by mail, and that deadline therefore is extended by three days, to Monday, August 19. Fed. R. Civ. P. 6(d). Furthermore, Semler is civilly committed, and he therefore will be afforded the benefit of the prison-mailbox rule, in which an inmate's objections to a magistrate judge's report and recommendation will be considered timely if he delivers those objections to prison officials for mailing on or before the filing date, even if they are received and filed by the Clerk after the filing date. *See Grinder v. Gammon*, 73 F.3d 793, 794 (8th Cir. 1996) (applying prison-mailbox rule to inmate's objections to magistrate judge's recommendation). The Eighth Circuit has previously had occasion to apply the prison-mailbox rule only to inmates, but the majority of circuits to consider the question have also applied it to civilly committed individuals like Semler. *See Boatman v. Berreto*, 938 F.3d 1275, 1276 (11th Cir. 2019); *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004); *see also Lanahan v. Warden*, 656 F. App'x 22, 23 n.3 (4th Cir. 2016); *but see Council v. Nash*, 400 F. App'x 680, 682 (3d Cir. 2010) (declining to apply

the prison-mailbox rule to an inmate in a Community Correctional Facility in part because he failed to show that the "relatively lenient policies" of that facility prevented him from ensuring "that his notice of appeal was timely filed"). As the Eleventh Circuit recently noted in *Boatman v. Berreto*:

> the same considerations that led the Supreme Court to establish the rule in the first place . . . apply in the civil-commitment context. Like those imprisoned for crimes, civilly detained *pro se* litigants frequently 'cannot take the steps other litigants can take to monitor the processing of their [filings] and to ensure that the court clerk receives and stamps their [filings] before the . . . deadline.

938 F.3d at 1277 (quoting *Houston v. Lack*, 487 U.S. 266, 270–71 (1988). Semler deposited his objection in the mail on August 19, 2019, his deadline for filing objections to a Report and Recommendation with which he was served by mail. ECF No. 38-1. Because those objections were timely filed under the prison-mailbox rule, his motion to accept his late-filed objections will be denied as moot.[1]

As to Semler's objections to the Report and Recommendation, the Court is required to review de novo those portions of the Report and Recommendation to which Semler has objected. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b)(3). As Defendants point out, Semler's objections are not accompanied by a certification that he has complied with either

---

[1] Even if the prison-mailbox rule does not apply to a civilly committed person such as Semler, the Court would grant Semler's motion to file his objections late. Defendants made clear in their response to Semler's motion that they "do not object to the Court granting Plaintiff leave to file objections to the Report and Recommendation past the deadline established by the Local Rules." Dft. Mem. in Resp. to Pltf. Mot. to Accept Late Reply at 1 [ECF No. 43]. Moreover, his brief delay in filing objections due to the death of his father and the logistical difficulties presented by his unit going on lockdown during his objection period [ECF No. 39 at 1] constitute excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

the word or line limits that apply to objections, and his objections appear on their face to far exceed those limitations. *See* LR 72.2(c). Although one appropriate course of action might be to order Semler to re-file a shorter version of his objections that complies with the applicable length limitations, doing so in this case would not aid review of Semler's objections and would unnecessarily delay resolution of this matter. The Court has reviewed de novo Semler's objections as filed and has determined that Magistrate Judge Brisbois's analysis and conclusions are correct.

First, the Bane Act, a California statute, has no application to this case, in which a civilly committed person in Minnesota, detained pursuant to Minnesota law, seeks relief from Minnesota governmental officials. *See* R&R at 5–6; *see also Perseke v. Schnell*, No. 19-cv-0443 (ECT/HB), 2019 WL 4687039, at *1 (D. Minn. Sept. 26, 2019); *Thomas v. Schnell*, No. 19-CV-450 (NEB/LIB), 2019 WL 4201070, at *1 (D. Minn. Sept. 5, 2019); *Jacobson v. Schnell*, No. 19-cv-0451 (JNE/ECW), 2019 WL 4060380, at *1 (D. Minn. Aug. 27, 2019); *Elk v. Schnell*, Civil No. 18-3255 (DWF/LIB), 2019 WL 4011007, at *1 (D. Minn. Aug. 26 (2019); *Hollie v. Schnell*, No. 19-cv-445 (PAM/KMM), 2019 WL 3800237, at *1 (D. Minn. Aug. 12, 2019); *Thundercloud v. Schnell*, No. 19-CV-0448 (ECT/KMM), 2019 WL 3305192, at *2 (D. Minn. June 27, 2019) (R&R accepted with no objections filed, 2019 WL 3305193 (D. Minn. July 23, 2019)); *Olson v. Schnell*, No. 19-CV-0453 (SRN/KMM), 2019 WL 3241188, at *2 (D. Minn. June 27, 2019) (R&R accepted with no objections filed, 2019 WL 3239246 (D. Minn. July 18, 2019)).

Second, the State of Minnesota has not waived sovereign immunity from suit in federal court, *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002), and in enacting

§ 1983, Congress did not abrogate that immunity, *Tex. Cmty. Bank, N.A., v. Mo. Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942 (8th Cir. 2000). This type of sovereign immunity is distinct from the qualified-immunity issues Semler discusses in his objections. *See* Obj. at 4–7; *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (distinguishing between personal-immunity defenses (including qualified immunity) that may apply to officials sued in their individual capacities from "forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment," which are "[t]he only immunities that can be claimed in an official-capacity action"). Accordingly, Magistrate Judge Brisbois correctly concluded that the Eleventh Amendment bars Semler's claims insofar as they seek to recover monetary damages from state officials sued in their official capacities. *See* R&R at 6–7.

Third, Semler's Equal Protection claim fails because he has not alleged that he is treated less favorably than similarly situated individuals; rather, he is comparing his vocational-programming access to that of MSOP residents who, because they are participating in treatment, are by definition not similarly situated to Semler, who is not participating in treatment. R&R at 9; *see also Am. Fam. Ins. v. City of Minneapolis*, 129 F. Supp. 3d 674, 679–80 (D. Minn. 2015) (citing *Ganley v. Minneapolis Park & Rec. Bd.*, 491 F.3d 743,47 (8th Cir. 2007).

And fourth, Semler's procedural due-process claims are not viable because he has not identified any constitutionally protected right that was affected by the termination of his vocational placement or by the hearing on, or outcome of, the Behavioral Expectation Report he received in October 2019. R&R at 12–13.

That leaves Semler's motion to recuse Magistrate Judge Brisbois. This motion is premised on Semler's contention that Magistrate Judge Brisbois's Report and Recommendation got it wrong. But even if that were so—and, as described above, it is not—that fact would not demonstrate partiality or bias warranting recusal under 28 U.S.C. § 455; rather it would be properly raised in an objection to the Report and Recommendation itself. *See Amen El v. Roy*, Civ. No. 18-2545 (JRT/HB), 2018 WL 5619203, at *3 (D. Minn. Oct. 30, 2018). In any event, because Semler's claims are all being dismissed, his motion to recuse Magistrate Judge Brisbois will be denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 38] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 37] is **ACCEPTED** in full;

3. Defendants' motion to dismiss [ECF No. 25] is **GRANTED** as follows:

    a. Plaintiff's claims under federal law for monetary damages against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**; and

    b. In all other respects, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff's motions to permit a late reply to the Report and Recommendation [ECF No. 39] and to recuse Magistrate Judge Brisbois [ECF No. 41] are both **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: November 8, 2019

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court